## STRAWN FURNITURE COMPANY, INC.
### *v.* L. K. AUSTIN

83-150                                        655 S.W.2d 397

Supreme Court of Arkansas
Opinion delivered July 5, 1983

*Rose Law Firm, P.A.,* by: *Gary J. Garrett* and *R. Davis Thomas, Jr.,* for appellant.

*Gibson Law Office,* by: *Charles S. Gibson,* for appellee.

ROBERT H. DUDLEY, Justice. The sole issue presented is whether appellant employed a usurious method of charging interest. The case is governed by Article 19, Section 13 of the Constitution of Arkansas since the charges occurred prior to the effective date of Amendment 60. The trial court found the rate of interest to be usurious. We affirm. Jurisdiction is in this Court by virtue of Rule 29 (1) (a).

The appellant compounded interest (charged interest on the unpaid interest) by using the following formula: The

amount of indebtedness was multiplied by 10% to obtain the yearly amount of interest; that amount was then divided by 360 and then multiplied by 30 to obtain the amount of interest for the month; this amount of unpaid interest was added to the principal. Each succeeding month the interest was compounded by using the same formula. The evidence is uncontradicted that the compounding of interest in the case at bar resulted in an annual percentage rate of 10.76%.

Appellant contends that the propriety of compounding interest is well settled in Arkansas. However, it is equally well settled that compounding interest will render a contract usurious if it effectively raises the annual rate of interest above 10%. *Compare Cagle v. Boyle Mortgage Co.*, 261 Ark. 437, 549 S.W.2d 474 (1977) *with Phipps-Reynolds Co. v. McIlroy Bank & Trust Co.*, 197 Ark. 621, 124 S.W.2d 222 (1939) *and Grider v. Driver*, 46 Ark. 50 (1885).

We do not reach appellant's argument that there was an implied agreement between the parties to compound interest because, even if there was such an agreement, it would be contrary to the constitutional provision in effect at the time. *See* Ark. Const. art. XIX, § 13.

Affirmed.

ADKISSON, C.J., and HAYS, J., dissent.